UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EARLENE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV00707 ERW |
| | ) | |
| ERIC K. SHINSEKI, | ) | |
| Secretary of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The Court has reviewed the financial affidavit submitted with the motion and finds that plaintiff is unable to pay the statutory filing fee. As a result, the motion will be granted. Furthermore, under 28 U.S.C. § 1915(e) the Court is required to review the complaint and dismiss any portion of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964. Before bringing suit in federal court, a federal employee must first "exhaust the administrative remedies available to him [or her]." Jordan v. United States, 522 F.2d 1128, 1132 (8th Cir. 1975). The requirement is jurisdictional. Id. There are no allegations in the complaint showing that plaintiff exhausted the available remedies with

the Department of Veterans Affairs before bringing this lawsuit. Therefore, it is not apparent that the Court has subject matter jurisdiction over this action, and the Court will order plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause no later than **June 1, 2012**, why this action should not be dismissed for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely respond to this Order, this action will be dismissed.

So Ordered this 3rd Day of May, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE